# Exhibit A

## IN THE LAW COURT FOR SULLIVAN COUNTY
## AT BRISTOL, TENNESSEE

| | |
|---|---|
| ALLEN W. RHYMER, JR. and wife, LINDSEY A. RHYMER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| VS. | ) Civil Action No. C13846 (M) |
| CITY OF BRISTOL, TENNESSEE, BRISTOL POLICE DEPARTMENT CHIEF BLAINE WADE, BRISTOL POLICE DEPARTMENT OFFICER ALBERT MICHAEL OVERBEY, BRISTOL POLICE DEPARTMENT OFFICER ROBERT D. CAUDILL, and BRISTOL POLICE OFFICER JODY CAMPER, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs would show unto this Honorable Court the following:

1. This is a civil action brought pursuant to statutory authority, specifically, Tennessee Code Annotated Section 29-20-101, *et seq.*, state common law, and 42 United States Code Section 1983, seeking damages against the Defendant officers, agents, employees, and a governmental entity for their having committed certain acts and omissions in violation of state statutory and common law, and under color of state law and in their individual capacities, said acts and omissions having directly and proximately caused injuries and damages to Plaintiffs. Plaintiffs' claims brought under the federal statute, 42 United States Code Section 1983, are based upon certain acts and omissions of Defendants committed under color of state law and in their individual capacities through which deprived Plaintiff Allen W. Rhymer, Jr. of rights secured by the Constitution and

laws of the United States. Defendants deprived Plaintiff Allen W. Rhymer, Jr. of his civil rights, privileges and immunities through their acts and/or omissions by having used objectively unreasonable excessive and unnecessary force in effecting his arrest which also amounted to cruel and unusual punishment and by exhibiting deliberate indifference to a substantial and unreasonable risk of serious harm, all in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States. This Court has original jurisdiction for claims brought pursuant to state law and concurrent jurisdiction for the federal claims asserted herein, all of which arise out a common nucleus of operative facts.

2. Plaintiffs Allen W. Rhymer, Jr. and Lindsey A. Rhymer are citizens and residents of the City of Bristol, Sullivan County, Tennessee, and citizens of the United States. At all times pertinent hereto, Plaintiff Lindsey A. Rhymer was the spouse of Plaintiff Allen W. Rhymer, Jr., who was attacked and seriously injured on or about May 9, 2009 at their home located at 1128 East State Street, Bristol, Tennessee, by a police dog owned by Defendant City of Bristol, Tennessee, that was under the direction and control of Defendant Bristol Police Department Officers Overbey, Caudill and Camper, all of whom were under the supervision of Defendant Bristol Police Department Chief Blaine Wade.

3. Defendant Bristol Police Officer Albert Michael Overbey is believed to be a citizen and resident of Sullivan County, Tennessee, a citizen of the United States, and at all times pertinent hereto was an officer, agent and/or employee of Defendant City of Bristol, Tennessee, acting in an official capacity as a police officer in its Police Department and also in an individual capacity.

4. Defendant Bristol Police Officer Robert D. Caudill is believed to be a citizen and resident of Sullivan County, Tennessee, a citizen of the United States, and at

all times pertinent hereto was an officer, agent and/or employee of Defendant City of Bristol, Tennessee, acting in an official capacity as a police officer in its Police Department and also in an individual capacity.

5. Defendant Bristol Police Officer Jody Camper is believed to be a citizen and resident of Sullivan County, Tennessee, a citizen of the United States, and at all times pertinent hereto was an officer, agent and/or employee of Defendant City of Bristol, Tennessee, acting in an official capacity as a police officer in its Police Department and also in an individual capacity.

6. Defendant Bristol Police Department Chief Blaine is believed to be a citizen and resident of Sullivan County, Tennessee, a citizen of the United States, and at all times pertinent hereto was an officer, agent and/or employee of Defendant City of Bristol Tennessee, acting in an official capacity as Chief of Police of its Police Department and also in an individual capacity.

7. Defendant City of Bristol, Tennessee, is a political subdivision of the state of Tennessee, and is responsible for providing law enforcement within its geographic boundaries, which is accomplished through the Bristol Police Department, its officers, agents and/or employees. As a governmental entity, Defendant City of Bristol, Tennessee, is subject to suit for the negligent acts and/or omissions of its employees, under the "Tennessee Governmental Tort Liability Act", <u>Tennessee Code Annotated</u> Section 29-20-101, *et seq.* and for the deprivation of constitutional rights under "color of state law" pursuant to 42 <u>United States Code</u> Section 1983.

8. Late in the evening of May 8, 2009 and/or during the early morning hours of May 9, 2009, Defendants Bristol Police Department Officers Albert Michael Overbey, Robert D. Caudill, and Jody Campbell were dispatched to 1128 East State

Street, Bristol, Tennessee, in response to an alleged domestic assault. Upon their arrival at the scene, Plaintiff Lindsey A. Rhymer met the Defendant Bristol Police Department Officers outside the home she shared with her husband, Plaintiff Allen W. Rhymer, Jr. She reported to the Defendant Officers that her husband, Plaintiff Allen W. Rhymer, Jr., was severely intoxicated and asleep in the basement. Plaintiff Lindsey A. Rhymer was informed by the Defendant Officers that they were the only persons who would be allowed to enter the home and would do so with a K-9 dog. Neighbors and relatives who volunteered to enter the home to rouse the sleeping Plaintiff Allen W. Rhymer, Jr. and to escort him out of the house were ordered by the Defendant Officers not to do so.

9. Around 4:00 a.m., Plaintiff Lindsey A. Rhymer gave Defendant Bristol Police Department Officers permission to enter the home for the purpose of arresting Plaintiff Allen W. Rhymer, Jr. with the understanding the K-9 dog would not attack him unless it was provoked or an officer was in danger. Shortly thereafter, Defendant Bristol Police Department Officers entered Plaintiffs' home and released a K-9 dog to search the Plaintiffs' home on its own, thereby allowing the K-9 dog to enter the basement where it savagely and viciously attacked Plaintiff Allen W. Rhymer, Jr. who had been asleep on a couch in the basement. At no time before or during the attack were the Defendant Bristol Police Department Officers in danger, nor was the K-9 dog provoked by Plaintiff Allen W. Rhymer, Jr. As a direct and proximate result of the unprovoked K-9 dog attack, Plaintiff Allen W. Rhymer, Jr. sustained serious, permanent, and painful injuries to his right arm. Despite injuries sustained by Plaintiff Allen W. Rhymer, Jr., Defendant Bristol Police Department Officers bound him with handcuffs and placed him under arrest. After receiving some emergency treatment by paramedics at the scene, Plaintiff Allen W. Rhymer, Jr. was transported to the hospital where he received emergency surgery to his

right arm, requiring staples and stitches. Plaintiff was subsequently transported to jail. Upon being bonded out of jail, Plaintiff Allen W. Rhymer, Jr. was taken back to the hospital where he received further diagnosis and treatment of injuries sustained as a result of the dog attack, which included a broken big toe, bruised ribs, and dog bites on his legs, left wrist and right upper arm. He was prescribed pain medication and antibiotics.

10. As a direct and proximate result of the brutal, unprovoked and unjustified dog attack on him, constituting excessive force, Plaintiff Allen W. Rhymer, Jr. sustained pain and suffering, fright, shock, mental anguish, anxiety and humiliation, and permanent physical disfigurement and disability, hospital and medical expenses for treatment of his injuries, and lost wages. Plaintiff Lindsey A. Rhymer sustained loss of conjugal and filial relations and services due to her husband's injuries and convalescence. She also sustained extreme mental distress.

11. At all times pertinent hereto, Defendants Wade, Overbey, Caudill, and Camper were working as law enforcement officers for Defendant City of Bristol Tennessee, and as such were acting under color of state law in their official capacities. The use of excessive force by Defendants Overbey, Caudill, and Camper deprived Plaintiff Allen W. Rhymer, Jr. of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution under color of state law and is actionable pursuant to 42 United States Code Section 1983. The deliberate indifference on the part of Defendants Overbey, Caudill, and Camper to the substantial risk of serious harm deprived Plaintiff Allen W. Rhymer, Jr. of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution under color of state law and is actionable pursuant to 42 United States Code Section 1983.

12. The actions and/or omissions of Defendants Overbey, Caudill, and

Camper also violated state common law and constituted gross negligence and/or negligence directly and proximately causing Plaintiffs' injuries and damages. Defendants Overbey, Caudill and Camper knew and or should have known the unreasonable and substantial risks of directing and/or allowing a K-9 dog to attack Plaintiff Allen W. Rhymer, Jr. Said Defendants owed Plaintiff a duty of reasonable care and should have taken reasonable measures to prevent him from being injured, but they did not. Accordingly, Defendants Overbey, Caudill, and Camper failed to accomplish their duty owed Plaintiff Allen W. Rhymer, Jr., to protect him and/or to take reasonable steps to provide for his safety, thereby directly and proximately causing him serious, painful, permanent and disfiguring injuries, hospital and medical costs, lost wages and other damages. The acts and/or omissions of Defendants Overbey, Caudill, and Camper amounted to gross negligence and/or negligence arising out of the breach of their duty of ordinary care owed to Plaintiff Lindsey A. Rhymer, directly and proximately causing her the loss of consortium and filial relations and services, and negligently inflicting upon her emotional distress. Pursuant to <u>Tennessee Code Annotated</u> Section 29-20-101, *et seq*. Defendant City of Bristol, Tennessee, is liable for damages caused by the negligence of its employees.

13. Defendants Blaine Wade and City of Bristol, Tennessee are responsible for instructing, training and supervising Defendants Overbey, Caudill, and Camper in proper procedures, techniques and protocol for the arrest and physical control of severely intoxicated individuals and the use of K-9 dogs in that context so as to provide for the safety of such persons. Defendants Blaine Wade and City of Bristol, Tennessee negligently failed to accomplish the aforesaid responsibilities and are liable for Plaintiffs' injuries and damages proximately caused thereby. The failure on the part

of Defendants Blaine Wade and City of Bristol, Tennessee to adequately instruct, train and/or supervise Defendants Overbey, Caudill, and Camper in proper procedures, techniques and protocol for the detention and arrest of severely intoxicated persons and to provide for their safety, especially in connection with the use of K-9 dogs during these official activities when there clearly existed a substantial risk of serious injury and harm, amounted to deliberate indifference to the constitutional rights of Plaintiff Allen W. Rhymer, Jr., depriving him of his constitutional rights under the Fourth, Fifth, Eighth and/or Fourteenth Amendments to the United States Constitution, and being a direct and proximate cause of serious, painful, permanent and disfiguring injuries, mental anguish, hospital and medical expenses, lost wages and other damages giving rise to liability under 42 United States Code Section 1983 for said damages caused him. Further, Plaintiffs allege it was the official policy, custom or practice of Defendant City of Bristol, Tennessee, not to adequately instruct, train and supervise its officers in proper procedures, techniques and protocol for the detention and arrest of severely intoxicated persons and to fail to provide for their safety when K-9 dogs were used during these official activities, and said official policy, custom or practice was a moving force behind the events and circumstances causing the injuries and damages sustained by Plaintiff Allen W. Rhymer, Jr., giving rise to liability under 42 United States Code Section 1983.

14. To the extent the acts and/or omissions of Defendant Blaine Wade, or other agents, servants or employees of Defendant City of Bristol, Tennessee, constituted actionable negligence under the Tennessee Governmental Tort Liability Act, Tennessee Code Annotated Section 29-20-101, *et seq.*, through the application of the doctrine of *respondeat superior*, or otherwise under the laws of the state of Tennessee, and for which Plaintiffs would be permitted to recover damages against Defendant City of Bristol,

Tennessee, it is here alleged that Defendant Blaine Wade, or other agents, servants or employees, and Defendant City of Bristol negligently breached the duty of reasonable care owed Plaintiffs, thereby directly and proximately causing Plaintiffs injuries and damages for which said Defendants should be liable.

15. As a direct and proximate result of the acts and/or omissions of the Defendants as alleged hereinabove, Plaintiff Lindsey A. Rhymer is entitled to recover damages for loss of consortium and filial relations and services, and for negligent infliction of emotional distress.

16. The acts and/or omissions on the part of Defendants Overbey, Caudill and Camper causing Plaintiffs' injuries and damages constituted not only negligence, but also gross negligence, and were of such a sufficiently egregious nature and degree so as to entitle Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs request:

1. That this Court assume jurisdiction of this case, including Plaintiffs' state law and federal claims.

2. That Plaintiff Allen W. Rhymer, Jr. be awarded judgment for compensatory damages against all Defendants and each of them, jointly and severally, in the amount of $600,000.00.

3. That Plaintiff Lindsey A. Rhymer be awarded judgment for compensatory damages against all of the Defendants and each of them, jointly and severally, in the full amount of $100,000.00.

4. That this Court grant Plaintiffs' an award of reasonable attorney fees and costs pursuant to 42 United States Code Section 1998.

5. That punitive damages be assessed against Defendants Overbey, Caudill, and Camper, and each of them, in the full amount of treble the amount of compensatory damages.

6. That this Court grant Plaintiffs such other affirmative and general relief as may be deemed appropriate and proper.

7. That a jury be empaneled to try such issues and portions of this cause as is permitted by law.

ALLEN W. RHYMER, JR. and wife,
LINDSEY A. RHYMER

*Daniel B. Minor*

DANIEL B. MINOR
B.P.R. No. 000496
Attorney for Plaintiffs
525 East Market Street
Kingsport, TN 37660
Tel. (423) 246-3962

## COST BOND

The undersigned hereby certifies himself surety for costs of this costs, this 5 day of May, 2010.

*Daniel B. Minor*

SUM-1

**STATE OF TENNESSEE
SULLIVAN COUNTY
SUMMONS**

ALLEN W. RHYMER, JR. and wife

LINDSEY A. RHYMER

VS

Bristol Police Department
~~Officer Robert D. Caudill~~ City of Bristol
~~Municipal Bldg.~~
801 Anderson Street
Bristol, TN

LAW COURT, PART (I) (II)
AT ~~(JOHNSONVILLE)~~ (BRISTOL)
~~(KINGSPORT)~~, TENNESSEE

CIVIL ACTION NO. C12506 (M)

**NOTICE**
TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**TO THE ABOVE NAMED DEFENDANT (S):**

You are hereby summoned and required to serve upon __Daniel P. Minor__, plaintiff's attorney, whose address is __525 East Market Street, Kingsport, TN 37660__ an answer to the complaint which is herewith served upon you within thirty (30) days after service of the summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Tested this ____ day of _____, Issued this __5th__ day of __May__, __2010__.

TOMMY R. KERNS
Clerk
By: _[signature]_
Deputy Clerk

Received this __17__ day of __May__, __2010__.
_[signature]_
Deputy Sheriff

**RETURN**

I certify and return that I
☐ served this summons together with the complaint as follows:
Lt Glenn James "Accepted"

☐ failed to serve this summons within thirty (90) days after its issuance because:

Date __5-17-2010__  _[signature]_
Deputy Sheriff
Constable

☑ accept service

I, _____, hereby accept service of process in this case as fully and in all respects, as though I had been personally served by a Deputy Sheriff of Sullivan County, and I acknowledge that I received a copy of the summons and complaint in this case.

This the ____ day of _____, ____.

_____
Defendant

# STATE OF TENNESSEE
# SULLIVAN COUNTY
# SUMMONS

ALLEN W. RHYMER, JR. and wife

LINDSEY A. RHYMER

LAW COURT, PART (I) (II)
AT ~~KINGSVILLE~~ (BRISTOL)
(~~KINGSPORT~~), TENNESSEE

CIVIL ACTION NO. C12,546 (M)

VS

Bristol Police Department
~~Officer Robert D. Caudill~~ Chief Wade
~~Municipal Bldg.~~
801 Anderson Street
Bristol, TN

**NOTICE**

TO THE DEFENDANT(S)

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**TO THE ABOVE NAMED DEFENDANT (S):**

You are hereby summoned and required to serve upon _____Daniel P. Minor_____,

_____, plaintiff's attorney, whose address is _____

525 East Market Street, Kingsport, TN 37660 _____ an answer to the complaint which is herewith served upon you within thirty (30) days after service of the summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Tested this _____ day of _____, _____. Issued this 5th day of May, 2010.

TOMMY R. KERNS
Clerk
By: _____ 
Deputy Clerk

Received this 7th day of May, 2010
_____
Deputy Sheriff

# RETURN

I certify and return that I:

☐ served this summons together with the complaint as follows:

Lt Glenn James "Accepted"

☐ failed to serve this summons within thirty (90) days after its issuance because:

_____

Date 5-17-2010 _____
Deputy Sheriff
Constable

☐ accept service

I, _____, hereby accept service of process in this case as fully and in all respects, as though I had been personally served by a Deputy Sheriff of Sullivan County, and I acknowledge that I received a copy of the summons and complaint in this case.

This the _____ day of _____, _____.

_____
Defendant

# STATE OF TENNESSEE
# SULLIVAN COUNTY
# SUMMONS

ALLEN W. RHYMER, JR and wife

LINDSEY A. RHYMER

VS

Bristol Police Department
Officer Robert D. Caudill Overbey
Municipal Bldg.
801 Anderson Street
Bristol, TN

SUM-1

LAW COURT, PART (I) (II)
AT (KINGSPORT) (BRISTOL)
(KINGSPORT), TENNESSEE

CIVIL ACTION NO. C12540 (M)

**NOTICE**
TO THE DEFENDANT(S)

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**TO THE ABOVE NAMED DEFENDANT (S):**

You are hereby summoned and required to serve upon Daniel P. Minor, plaintiff's attorney, whose address is 325 East Market Street, Kingsport, TN 37660 an answer to the complaint which is herewith served upon you within thirty (30) days after service of the summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Tested this _____ day of _____. Issued this 5th day of May, 2010.

TOMMY R. KERNS
Clerk
By: _William Lane_
Deputy Clerk

Received this 12th day of May, 2010.
_____
Deputy Sheriff

## RETURN

I certify and return that I:

☐ served this summons together with the complaint as follows:
Lt Glenn James "Accepted"

☐ failed to serve this summons within thirty (90) days after its issuance because:

Date 5-17-2010
_____
Deputy Sheriff
Constable

☑ accept service
I, _____, hereby accept service of process in this case as fully and in all respects, as though I had been personally served by a Deputy Sheriff of Sullivan County, and I acknowledge that I received a copy of the summons and complaint in this case.

This the _____ day of _____, _____.

_____
Defendant

# STATE OF TENNESSEE
## SULLIVAN COUNTY
# SUMMONS

ALLEN W. RHYMER, JR. and wife

LINDSEY A. RHYMER

VS
Bristol Police Department
Officer Robert D. Caudill
~~Municipal Bldg.~~
801 Anderson Street
Bristol, TN

LAW COURT, PART (I) (II)
AT ~~XXXXXXXXXXXX~~) (BRISTOL)
~~(KINGSPORT)~~. TENNESSEE

CIVIL ACTION NO. C13506 (M)

**NOTICE**
TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**TO THE ABOVE NAMED DEFENDANT (S):**

You are hereby summoned and required to serve upon ___Daniel B. Minor___,
_____, plaintiff's attorney, whose address is _____
525 East Market Street, Kingsport, TN 37660 ___ an answer to the complaint which is herewith served upon you within thirty (30) days after service of the summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Tested this _____ day of _____, _____. Issued this 5th day of May, 2010.

TOMMY R. KERNS
Clerk
By: Shannon Lane
Deputy Clerk

Received this 17 day of May, 2010.
Deputy Sheriff

# RETURN

I certify and return that I:

☐ served this summons together with the complaint as follows:
Lt Glenn James "Accepted"

☐ failed to serve this summons within thirty (90) days after its issuance because: _____

Date 5-17-2010
Deputy Sheriff
Constable

☑ accept service
I, _____, hereby accept service of process in this case as fully and in all respects, as though I had been personally served by a Deputy Sheriff of Sullivan County, and I acknowledge that I received a copy of the summons and complaint in this case.

This the _____ day of _____, _____.

Defendant

10/01/06

SUM-1

# STATE OF TENNESSEE
# SULLIVAN COUNTY
# SUMMONS

ALLEN W. RHYMER, JR and wife

LINDSEY A. RHYMER

VS

Bristol Police Department
Officer ~~Robert D. Caudill~~ C A ʼ7 P &amp; K
~~Municipal Bldg.~~
801 Anderson Street
Bristol, TN

LAW COURT, PART (I) (II)
AT ~~(JOHNSONVILLE)~~ (BRISTOL)
~~(KINGSPORT)~~, TENNESSEE

CIVIL ACTION NO. _____

**NOTICE TO THE DEFENDANT(S):**

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**TO THE ABOVE NAMED DEFENDANT (S):**

You are hereby summoned and required to serve upon ____Daniel P. Minor____

_____, plaintiff's attorney, whose address is _____

____525 East Market Street, Kingsport, TN 37660____ an answer to the complaint which is herewith served upon you within thirty (30) days after service of the summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Tested this _____ day of _____, _____. Issued this __5th__ day of __May__, __2010__.

TOMMY R. KERNS
Clerk
By ____[signature]____
Deputy Clerk

Received this __17__ day of __May__, __2010__.
____[signature]____
Deputy Sheriff

## RETURN

I certify and return that I:

☒ served this summons together with the complaint as follows:
__Lt Glenn James "Accepted"__

☐ failed to serve this summons within thirty (90) days after its issuance because:
_____

Date __5-17-2010__
____[signature]____
Deputy Sheriff
Cras Imble

☒ accept service

I, _____, hereby accept service of process in this case as fully and in all respects, as though I had been personally served by a Deputy Sheriff of Sullivan County, and I acknowledge that I received a copy of the summons and complaint in this case.

This the _____ day of _____, _____.

_____
Defendant